IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES K. WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:10cv464 |
| MANAGEMENT TRAINING CORP., ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff James Williams, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On September 13, 2010, the Magistrate Judge ordered Williams to pay an initial partial filing fee of $2.63, as set out in 28 U.S.C. §1915(b). Williams responded on October 20, 2010, saying that "it appears that this fee has been accordingly deducted from my inmate trust fund account."

When no fee was received, the Magistrate Judge ordered TDCJ personnel to investigate the accuracy of Williams' claim that he had requested that the money be paid and that the fee had been deducted from his account. *See* Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000), in which the Fifth Circuit explained that where a prisoner has not complied with an initial partial filing fee order within a reasonable period of time, the court should take reasonable steps to ascertain whether the prisoner has actually complied, through such means as allowing objections to a Magistrate Judge's Report, issuing a show cause order, communicating with or issuing an order to officials of the custodial institution, or by using any other method designed to elicit the necessary information.

1

On December 20, 2010, the prison officials provided a sworn affidavit stating that a thorough search of the records turned up no evidence that Williams had requested a withdrawal from his inmate trust account. Williams was informed in the order that he could file a reply to the prison officials' response, but he has not done so, nor has he shown good cause for his failure to pay the initial partial filing fee.

On February 9, 2011, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. A copy of this Report was sent to Williams at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 14) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court. Rule 41(b), Fed. R. Civ. P. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 23rd day of March, 2011.**

LEONARD DAVIS
UNITED STATES DISTRICT JUDGE